# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRIFUNO, INC., F.K.A. CATALINA GRAPHIC FILMS, INC. , <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL GRAPHIC RESOURCES LLC. et al., <br><br> Defendants. | Case No. 2:18-cv-01913-RFB-CWH <br><br> **ORDER** |

Before the Court for consideration is the Defendants' Motion to Stay (ECF No. 6) and Plaintiff's Motion to Remand (ECF No. 8). The Court grants the Motion to Stay and denies the Motion to Remand without prejudice.

## I. BACKGROUND

The Court makes the following factual findings. The dispute here derives from a termination of a Sales Representative Agreement between the parties and an allegation that the termination of the Agreement violated the Minnesota Termination of Sales Representative Act ("MTSRA"). The MTSRA is a remedial Minnesota statute that affords certain protections to sales representatives who are Minnesota citizens. Minn. Stat. § 325E.37. The MTSRA does permit in specified circumstances a terminated sales representative to seek resolution of disputes in arbitration. Id.

Defendants made a demand for arbitration pursuant to the MTSRA on July 19, 2018. Plaintiff filed a declaratory judgment action in the Eighth Judicial District Court of Nevada on August 10, 2018. Defendants brought an action and filed a motion to compel arbitration in

Hennepin County District Court in Minnesota on August 17, 2018. Plaintiff removed the Minnesota state action to the United States Court for the District of Minnesota on September 20, 2018. Plaintiff served Defendants with the Nevada state action on September 23, 2018. Defendants removed the Nevada state action to this Court on October 4, 2018. Defendants' motion to compel arbitration is still pending.

## II. DISCUSSION

This Court has broad discretion regarding whether or not to issue a stay in a case. Landis v. N.A. Co., 299 U.S. 248, 254-55 (1936). The Court finds that a stay is appropriate in this case. There is a pending motion to compel arbitration in the District of Minnesota. The Court finds that the resolution of this motion would have an undisputed and significant impact on substantive rulings in this case and discovery. It would be inefficient for this Court to engage in substantive review of the merits of this case and set a discovery schedule while this motion is pending. The Court therefore grants the Motion to Stay.

For the same reasons noted above, the Court denies without prejudice the Plaintiff's Motion to Remand. This motion would require the Court to rule on substantive aspects of this case as they relate to the dispute between the parties, e.g., whether the dispute should be resolved solely on the basis of the contract(s) versus the application of the MTSRA in conjunction with these contracts. As the Plaintiff's motion is not asserting that this Court lacks subject matter jurisdiction but instead argues for this Court to remand based upon an exercise of discretion, the Court declines at this time to consider this motion until such time as the motion to compel arbitration has been resolved. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942)(noting district court's discretion); Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)(accord).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for a Stay (ECF No. 6) is GRANTED. Upon the resolution of the pending motion to compel arbitration, the parties shall **within two weeks** either submit a proposed discovery schedule for this case, file dispositive motions or submit a stipulation of dismissal.

**IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 8) is DENIED without prejudice. Plaintiff may refile this motion after the motion to compel arbitration in the Minnesota federal case has been resolved.

DATED this 22nd day of January, 2019.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**